UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>SAMEER SAHAKARI,<br><br>    Defendant.<br>_____/ | No. CR 10-936 PJH<br><br>**ORDER DENYING MOTION FOR EARLY TERMINATION OF SUPERVISED RELEASE** |

Before the court is the motion of defendant Sameer Sahakari (Sahakari) for early termination of supervised release pursuant to 18 U.S.C. § 3583(e). The government has filed a non-opposition to the motion for early termination. Sahakari's motion for early termination of supervised release is DENIED for the reasons set forth below.

## BACKGROUND

On May 2, 2012, Sahakari pled guilty to one count of use of the mails in aid of commercial bribery, pursuant to 18 U.S.C. § 1952(a)(3)(A). From 2004 to 2008 Sahakari accepted payments from Berean Group International (BGI) to influence Kaiser Permanente (Kaiser) employees to award staffing contracts to BGI. Information at 2.

Sahakari was sentenced to five months custody, followed by three years of supervised release, and forfeiture of $690,845. The following special conditions of supervision were ordered: special assessment of $100; restitution of $49,480; search; not own or posses any firearms, ammunition, destructive devices, or other dangerous weapons; DNA collection; and five months location monitoring.

**LEGAL STANDARD**

Early termination of supervised release is governed by 18 U.S.C. § 3583(e), which requires the court to consider factors set forth in §§ 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7). Those factors "include the nature and circumstances of the offense, the need for deterrence, the need to protect the public, the need to provide defendant with training or medical care, and the relevant provisions of the Sentencing Guidelines." *United States v. Gross*, 307 F.3d 1043, 1044 (9th Cir. 2002). After considering those § 3553(a) factors, the court may "terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1). See United States v. Miller, 205 F.3d 1098, 1101 (9th Cir. 2000) (citing United States v. Lussier, 104 F.3d 32, 36 (2nd Cir. 1997)).

**DISCUSSION**

Sahakari contends that early termination of supervised release is warranted by his post-release conduct and the interest of justice. Sahakari has paid off his restitution obligation and forfeiture judgment, but his motion does not address all the relevant § 3553(a) factors, such as the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; and the need to avoid sentencing disparities. Rather, Sahakari focuses on his positive characteristics and post-release conduct, having served five months in custody, completed 19 months of the three years of supervised release, including five months of home confinement, and maintained steady employment.

Sahakari also addresses his improved personal circumstances, including his family life and career. Sahakari contends that early termination of supervised release would enable him to secure a job position where he could achieve his highest professional goals and enhance his ability to support his family. In particular, Sahakari emphasizes a difficulty

2

in regards to employment because after receiving interest from "well-known companies and startups," employers were "wary" of the supervised release designation and asked him to check back after completing supervised release. Exhibit A at 2. According to Sahakari, the supervised release travel restrictions "impede the ability to take on many of the responsibilities" in his line of work. Id.

The government does not oppose the motion for early termination because Sahakari has served all prison and location monitoring time, paid restitution and forfeiture in full, and served more than one-half of his 36 month term of supervised release. Gov't Statement of Non-Opposition at 2. The government notes that Sahakari has been employed, remarried, and is raising a young child, distinguishing this case from other requests for early termination and demonstrating exceptionally good behavior that may warrant early termination. Id.

In a letter submitted to the court, the United States Probation Office (USPO) takes the position that early termination from a term of supervised release is warranted where there are extenuating circumstances or a situation where the offender has performed above and beyond the expectations of the average individual on supervision. The USPO states that compliance with the terms of supervision is expected, and alone does not warrant early termination of supervision. The USPO cites United States v. Lussier, 104 F.3d 32, 36 (2d Cir. 1997), which the Ninth Circuit has cited favorably for the holding that early termination of supervision is warranted where the defendant demonstrates changed circumstances, such as exceptionally good behavior.

> Section 3583(e) provides the district court with retained authority to revoke, discharge, or modify terms and conditions of supervised release ... in order to account for new or unforeseen circumstances. Occasionally, changed circumstances—for instance, exceptionally good behavior by the defendant or a downward turn in the defendant's ability to pay a fine or restitution imposed as conditions of release—will render a previously imposed term or condition of release either too harsh or inappropriately tailored to serve the general punishment goals of section 3553(a).

Miller, 205 F.3d at 1101 (quoting Lussier, 104 F.3d at 36). The USPO indicates that although Sahakari has satisfied all of his special conditions and has remained in

compliance with the terms of his supervised release, it is unaware of any circumstances that would warrant early termination from supervision.

In weighing the relevant § 3553(a) factors, the court finds that Sahakari has not demonstrated changed circumstances that would render the term of supervised release either too harsh or inappropriately tailored to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense.  Sahakari's record of compliance with the terms of his supervised release, though commendable, is expected from a person on supervision and does not constitute exceptional behavior that would warrant early termination of supervised release.  See United States v. Bauer, CR 09-980 EJD, 2012 WL 1259251 (N.D. Cal. Apr. 13, 2012) ("compliance with release conditions, resumption of employment and engagement of family life [ ] are expected milestones rather than a change of circumstances rendering continued supervision no longer appropriate"); United States v. Grossi, CR 04-40127 DLJ, 2011 WL 704364 (N.D. Cal. Feb. 18, 2011) ("Mere compliance with the terms of supervised release is what is expected, and without more, is insufficient to justify early termination.").

In addressing the interest of justice, Sahakari argues that if the court had chosen to impose the medium term of 18 months of supervised release recommended under the sentencing guidelines, rather than the high-end of three years, then he would have already completed his full term of supervised release.  He also emphasizes that prior to being sentenced, he spent years helping the government advance an important criminal investigation against five other individuals.  At the time of sentencing, the court considered Sahakari's substantial assistance in departing downward from the advisory guideline range for the term of imprisonment.  The court also considered the probation officer's recommendation that Sahakari expressed sincere remorse, was unlikely to re-offend, and took steps to pay his forfeiture obligation.  The court also weighed the fact that Sahakari established a bribe scheme that awarded him personally and violated his position of trust and contractual duty to Kaiser.

Based on the relevant facts, including the factors listed in § 3553(a), the court sentenced Sahakari to a term of imprisonment that was less than half of the term recommended by the government, and three years of supervised release that included five months of location monitoring. The court determined that this sentence was appropriately tailored to provide just punishment for the offense. In moving for early termination, Sahakari has failed to demonstrate "exceptionally good behavior" or other changed circumstances that would render the three-year supervised release term either too harsh or inappropriately tailored to serve general punishment goals. Miller, 205 F.3d at 1101.

Having considered the relevant § 3553(a) factors, and in the absence of exceptionally good behavior or changed circumstances, the court finds that Sahakari's post-release conduct and the interest of justice do not warrant early termination of supervised release pursuant to § 3583(e). Therefore, his motion for early termination of supervised release is DENIED. There shall be no modification to the terms or conditions of supervised release.

**IT IS SO ORDERED.**

Dated: August 4, 2014

_____
PHYLLIS J. HAMILTON
United States District Judge